# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LARRY ANDERSON (01),

       Defendant.

Case No. 15-40018-01-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Larry Anderson's Motion for Discovery (Doc. 245). In his motion, defendant asks for a variety of items under Rule 16. But the court lacks jurisdiction to consider such a request. And even if it had jurisdiction, Rule 16 does not require the government to disclose documents at this point in the proceeding.

On May 8, 2017, the court sentenced Larry Anderson to 28 years in prison. Now, nearly a year later, he requests discovery in this matter. Defendant's conviction is final so this court lacks jurisdiction to decide defendant's motion. *See* 18 U.S.C. § 3582; *United States v. Coleman*, 319 F. App'x 228, 230 (4th Cir. 2009) ("Once judgment is entered, the sentencing court loses jurisdiction to change the sentence except in a few circumstances where a statute or Rule 35 permits it to revisit the sentence."); *Bowles v. United States*, No. 1:06CV14DAK, 2006 WL 266618, at *1 (D. Utah Jan. 31, 2006) ("[T]he district court loses jurisdiction of a case at sentencing.").

Even if the court had jurisdiction, Fed. R. Crim. P. 16 does not impose any duty on the government to engage in post-conviction discovery. "While Rule 16 of the Federal Rules of Criminal Procedure creates a continuing duty on the part of the Government to disclose relevant

documents, such duty exists only 'before or during trial.'" *United States v. Jeffries*, No. 1:07CR56, 2010 WL 785355, at *1 (W.D.N.C. Mar. 4, 2010).  At this post-conviction stage, Rule 16 does not apply.

If defendant were to seek a post-conviction remedy—such as a 28 U.S.C. § 2255 motion—the court might allow discovery if he were to demonstrate good cause.  *See* Rule 6(a) of Rules Governing § 2255 Proceedings ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."); *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.").  But Mr. Anderson has not filed the appropriate pleading under § 2255 to support any potential discovery request.

In sum, the court lacks jurisdiction to decide defendant's motion.  Also, at the current stage of the proceedings—without a motion for a post-conviction remedy—there is no basis to support defendant's request.  For these reasons, the court denies defendant's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Discovery (Doc. 245) is denied.

**IT IS SO ORDERED.**

**Dated this 16th day of March, 2018, at Topeka, Kansas**

**s/ Daniel D. Crabtree_____**
**Daniel D. Crabtree**
**United States District Judge**