# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LARRY L. ANDERSON (01),<br><br>    Defendant. | Case No. 15-40018-01-DDC |

## **MEMORANDUM AND ORDER**

This matter comes before the court on pro se[1] defendant Larry L. Anderson's "Motion for 2-Level Reductions for the Years 2007, 2011, and 2014 Under 18 U.S.C. § 3582(c)(2)." Doc. 251. The government has filed a Response. Doc. 252. Mr. Anderson asserts that the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018), entitles him to a sentence reduction. After *Hughes*, Mr. Anderson's Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement does not bar him from seeking a § 3582(c)(2) sentence reduction if his plea agreement was "based on" the Sentencing Guidelines. But, this is only one step in the court's analysis. Mr. Anderson is not eligible for a sentence reduction because the Sentencing Commission has not retroactively lowered the sentencing range for his offense of conviction: kidnapping resulting in death. Doc. 140. Because Mr. Anderson does not qualify for § 3582(c)(2) relief, the court dismisses his motion for lack of jurisdiction for the reasons explained, below.

---

[1]     Because plaintiff proceeds pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110.

**I.     Facts**

On March 11, 2015, a federal grand jury indicted Mr. Anderson and two other defendants on the charge of kidnapping resulting in death under 18 U.S.C. § 1201(a)(2) and 2.[2] Doc. 1. Under § 1201, Mr. Anderson faced a statutory sentence of either death or life imprisonment. Doc. 181 at 1. Under the Sentencing Guidelines, Mr. Anderson's Amended Presentence Investigation Report ("PSR") produced a base offense level of 43. Doc. 181 at 21. Mr. Anderson received a three-level reduction for accepting responsibility, resulting in a total offense level of 40. *Id.* Mr. Anderson's PSR calculated his criminal history at category II. *Id.* at 23. So, Mr. Anderson's resulting imprisonment range was 324–405 months. *Id.* at 27.

On November 21, 2016, Mr. Anderson and the government presented a plea agreement under Fed. R. Crim. P. 11(c)(1)(C). Doc. 140. On May 8, 2017, the court accepted the parties' plea agreement and sentenced Mr. Anderson to 336 months in prison and five years of supervised release. Doc. 187. Now, Mr. Anderson seeks a sentence reduction under 18 U.S.C. § 3582(c)(2).

**II.    Legal Standard**

A federal district court may modify a defendant's sentence only when Congress expressly has authorized it. 18 U.S.C. § 3582(c); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted). Section 3582(c) permits the court to reduce a sentence in limited circumstances. Under § 3582(c)(2), the court may reduce a sentence

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of

---

[2]     On February 10, 2016, the grand jury entered a Superseding Indictment (Doc. 64), which charged two more defendants with kidnapping resulting in death.

2

> imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). So, § 3582(c)(2) creates a two-step inquiry. *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018) (citing *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, the court must evaluate the defendant's eligibility for a sentence reduction. *Id.* (citing *Dillon*, 560 U.S. at 826–27). For example, the Guidelines prohibit the court from reducing a defendant's sentence if no retroactive amendment listed in USSG § 1B1.10(d) applies. USSG § 1B1.10(a)(2). Second, if the defendant is eligible for a sentence reduction, the court must decide whether the reduction is warranted under the factors specified by Congress in 18 U.S.C. § 3553(a). *Id.* (citing *Dillon*, 560 U.S. at 826–27).

### III. Discussion

Mr. Anderson's plea agreement under Fed. R. Crim. P. 11(c)(1)(C) does not bar him from seeking a § 3582(c)(2) sentence reduction as a matter of right. *See Hughes*, 138 S. Ct. at 1775–76. But, Mr. Anderson's motion fails the first step of the § 3582(c)(2) inquiry—that is, Mr. Anderson is not eligible for a sentence reduction because the Sentencing Commission has not lowered the sentencing range for his offense of conviction: kidnapping resulting in death. And, because Mr. Anderson does not qualify for § 3582(c)(2) relief, the court lacks jurisdiction to grant the relief he has requested. The court explains its reasoning, below.

A. **After *Hughes*, Mr. Anderson's Fed. R. Crim. P. 11(c)(1)(C) plea agreement does not bar him from seeking a § 3582(c)(2) sentence reduction if his plea agreement is "based on" the Sentencing Guidelines.**

Mr. Anderson contends that he is eligible for a two-point sentence reduction under the Sentencing Guidelines. Specifically, Mr. Anderson asserts that the Supreme Court's decision in

3

*Hughes* qualifies him for a reduction under his Fed. R. Crim. P. 11(c)(1)(C) plea agreement (*i.e.*, a "Type-C" plea agreement). But, Mr. Anderson's argument only gets him partway to relief.

*Hughes* does authorize federal courts to reduce a defendant's sentence—even if the sentence results from a Type-C plea agreement—if the agreement was based on a Guidelines range that would have been lower had the amendment been in effect at sentencing. And, after *Hughes*, it is the rule, not the exception, that Type-C plea agreements generally are "based on" the Guidelines. That is, "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 138 S. Ct. at 1775. Because district courts first must evaluate the Type-C plea agreement in the context of defendant's Guidelines range, it is the "usual case" that "the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." *Id.*; *see also United States v. Wallace*, 742 F. App'x 354, 357 (10th Cir. 2018). So, Mr. Anderson is correct: *Hughes* permits a defendant to seek a § 3582(c)(2) reduction when that defendant's Type-C plea agreement is "based on" the Guidelines.

### B. The court must dismiss Mr. Anderson's motion because neither he nor the court can identify an amendment to a relevant Guideline.

The government asserts that the court must deny Mr. Anderson's motion for the simple reason that the Sentencing Commission hasn't reduced the Guideline for his offense of conviction. *See Wallace*, 742 F. App'x at 357 (declining to apply Amendment 782 because defendant's base offense level and resulting guideline range had not changed). The court agrees with the government.

Mr. Anderson's motion asserts that the Sentencing Commission has lowered his sentencing range. But, he hasn't directed the court to any applicable amendment that could supply this requisite. *See, e.g.*, *United States v. Hanchett*, No. 16-CR-10067-02-EFM, 2018 WL 3633892, at *2 (D. Kan. July 31, 2018) ("Here, Defendant cites no revision by the Sentencing Commission that would have resulted in a lower applicable sentencing range; nor has the Court located any such revision."). Here, Mr. Anderson requests a two-level reduction for the years 2007, 2011, and 2014. Doc. 251 at 1. But, the court sentenced Mr. Anderson in 2017—well after these adjustments in the Guidelines. Mr. Anderson's motion does not explain the relevance of these years, nor does Mr. Anderson explain how any Guidelines amendment in those years affected him.

The court confirms that no relevant Guidelines amendment occurred in those years. The Sentencing Commission has not lowered the Guidelines range by amendment for Mr. Anderson's charge of conviction—kidnapping resulting in death. *Compare* U.S. Sentencing Guidelines Manual § 2A4.1 (U.S. Sentencing Comm'n 2018), *with* U.S. Sentencing Guidelines Manual § 2A.4.1 (U.S. Sentencing Comm'n 2016); *see also Adopted Amendments (Effective November 1, 2018)*, U.S. SENTENCING COMM'N 16 (April 30, 2018), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/20180430_Amendments.pdf.[3] In short, Mr. Anderson has not directed the court to an applicable Guidelines amendment, nor can the court locate one. And even if the Commission had done so, that hypothetical reduction would have applied at Mr. Anderson's sentencing in May 2017. Because Mr. Anderson is ineligible for a sentence reduction under § 3582(c)(2), the court must dismiss his motion for lack of jurisdiction. *See Wallace*, 742 F. App'x at 358.

---

[3] Mr. Anderson's PSR relied on the 2016 edition of the Guidelines Manual. Doc. 181 at 21.

**IV.    Conclusion**

For the reasons explained above, the court dismisses for lack of jurisdiction defendant's Motion for 2-Level Reductions for the Years 2007, 2011, and 2014 Under 18 U.S.C. § 3582(c)(2).  Doc. 251.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Larry L. Anderson's Motion for 2-Level Reductions for the Years 2007, 2011, and 2014 Under 18 U.S.C. § 3582(c)(2) (Doc. 251) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 13th day of May, 2019, at Kansas City, Kansas.**

          **s/ Daniel D. Crabtree**
          **Daniel D. Crabtree**
          **United States District Judge**